

**Jeffrey R. Maguire**, Esq., Partner    o: (212) 939-7229    f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038    e: jmaguire@stevensonmarino.com

February 17, 2021

<u>Via ECF</u>
The Honorable Katherine Polk Failla
United States District Judge for the
Southern District of New York
40 Foley Street
New York, New York 10007



Re:   *Hurtado v. 183 Food Market Corp., et al.*
<u>Docket No: 20-cv-7988 (KPF)(KHP)</u>

Dear Judge Failla:

We represent Plaintiff, Felipe Hurtado, and the opt-in Plaintiff, Leonardo Pena (together as "Plaintiffs"), in the above-referenced matter alleging wage and hour claims against their former employers, 183 Food Market Corp., and Roberto Espinal (collectively as "Defendants") under the Fair Labor Standards Act ("FLSA") and the New York Labor Law. We write now to apprise the Court of an unexpected development in the matter and to respectfully request a seven-day extension to either file a stipulation seeking leave to file an Amended Complaint or to make a motion seeking leave.

On February 3, 2021, Plaintiffs filed a status report requesting fourteen days to file a further status report apprising the Court of the parties' decision with respect to stipulating to conditional certification. Subsequently, Plaintiffs provided Defendants with a proposed stipulation and notice for Defendants' review and revision. On February 16, 2021, Plaintiffs learned that Defendants sold their assets to another corporation, 183 Meat Corp. and its owner, Sergio Fernandez, which included the supermarkets at which the Plaintiffs worked, and putative collective action members worked and continue to work today. As a result of the sale, Defendants stated that they no longer are able to agree to certain terms of conditional certification, such as posting notice at the locations or providing a list of current employees employed on or after the date of sale, as they no longer own the premises or the maintain the current employees' records.

As a result of this development, Plaintiffs believe that amending the Complaint is necessary to protect the Plaintiffs' and putative collective and class action members' interests. Based on

1

public information available on the New York State Department of State Division of Corporations database, it is clear that the buyer of the supermarkets involved in this litigation incorporated his entity on November 24, 2020, which is approximately two months following the filing of the instant action. While Plaintiffs requested the sale documents, Defendants asked for additional time to evaluate this request. With respect to Plaintiffs' anticipated stipulation or motion for conditional certification of a collective action, Defendants have agreed to toll the statute of limitations of the FLSA claims of the putative collective action members from today's date, February 17, 2021, until the filing of the stipulation or the motion.

Thus, based on receiving this information only yesterday, February 16, 2021, Plaintiffs respectfully request seven days to file a stipulation to amend the Complaint to add the buyers as defendants in the action, or to file a motion seeking leave to file an Amended Complaint.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Jeffrey R. Maguire, Esq.
*For the Firm*

To: Defendants' Counsel *via* ECF

```
Application GRANTED.  Plaintiffs are directed to file either a
stipulation to amend their Complaint, or a motion seeking leave
to file an Amended Complaint, on or before February 24, 2021.

Dated:     February 17, 2021          SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE