UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE HURTADO, on behalf of himself and all others similarly-situated,<br><br>                                   Plaintiff,<br><br>        -against-<br><br>183 FOOD MARKET CORP. d/b/a FOOD UNIVERSE, and 2358 FOOD CORP., and ROBERTO ESPINAL, individually, and 183 MEAT CORP., and 2358 MEAT CORP., and SERGIO FERNANDEZ, individually,<br><br>                                   Defendants. | **AMENDED COMPLAINT**<br><br>**Docket No.: 20-cv-7988 (KPF)**<br><br>Jury Trial Demanded |

FELIPE HURTADO ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, STEVENSON MARINO LLP, as and for his Amended Complaint against 183 FOOD MARKET, CORP. d/b/a FOOD UNIVERSE ("Food Universe"), and 2358 FOOD CORP. ("Food Universe 2"), and ROBERTO ESPINAL, individually (Espinal, collectively with Food Universe and Food Universe 2 as the "Espinal Defendants"), and 183 MEAT CORP., and 2358 MEAT CORP., and SERGIO FERNANDEZ, individually (collectively as the "Fernandez Defendants," and together with the Espinal Defendants as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New

1

York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice upon hire containing specific categories of accurate information on each payday, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff Hurtado worked for the Espinal Defendants as a stocker from February 2, 2020 through July 15, 2020 at two of the supermarkets the Espinal Defendants' operated, which are located at 60 West 183rd Street, Bronx, New York 10453 and 2358 University Avenue, Bronx, New York 10468. As described below, for the duration of his employment period, the Espinal Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL, as the Espinal Defendants failed to compensate Plaintiff at the statutorily-required overtime rate of pay for the hours that Plaintiff worked beyond forty in a workweek.

3. Additionally, the Espinal Defendants violated the NYLL by failing to provide Plaintiff with a wage statement on each payday that accurately stated the hours that Plaintiff worked each week or a wage notice upon his date of hire that accurately stated his regular and overtime rates of pay.

4. The Espinal Defendants' failure to pay overtime was not limited to Plaintiff, but also extended to all of Defendants' non-managerial employees.

5. Following the filing of this action, in a sale intended to defraud the Espinal Defendants' creditors and avoid liability, the Espinal Defendants sold their supermarket assets to the Fernandez Defendants which included, at minimum, the two supermarkets that Plaintiff worked at located at 60 West 183rd Street, Bronx, New York 10453 and 2358 University Avenue,

Bronx, New York 10468. The Fernandez Defendants purchased the assets and continue to run the predecessors' supermarket businesses at the same exact locations under the Food Universe brand.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly-situated non-managerial employees during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff additionally brings his claims under New York law on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Food Universe was and is a New York corporation

with its principal place of business located at 60 West 183rd Street, Bronx, New York 10453.

12. At all relevant times herein, Food Universe 2 was and is a New York corporation with its principal place of business located at 2358 University Avenue, Bronx, New York 10468.

13. At all relevant times herein, Defendant Espinal was and is Food Universe's Chief Executive Officer and owner. In this role, Defendant Espinal oversaw Food Universe's operations, paid employees, and had the power to hire and fire and approve all personnel decisions with respect to all of Food Universe's employees, including all stockers. In fact, Defendant Espinal hired Plaintiff and was responsible for paying Plaintiff.

14. At all relevant times herein, 183 Meat Corp. was and is a New York corporation with its principal place of business located at 60 West 183rd Street, Bronx, New York 10453.

15. At all relevant times herein, 2358 Meat Corp. was and is a New York corporation with its principal place of business located at 2358 University Avenue, Bronx, New York 10468.

16. 15. At all relevant times herein, Defendant Fernandez was and is the owner and operator of 183 Meat Corp. and 2358 Meat Corp. In this role, Defendant Fernandez oversees the operations 183 Meat Corp. and 2358 Meat Corp., pays the employees, and has the power to hire and fire and approve all personnel decisions with respect to all of the employees of 183 Meat Corp. and 2358 Meat Corp., including all stockers.

17. At all relevant times herein, Food Universe, Food Universe 2, and 183 Meat Corp., 2358 Meat Corp. were and are "employers" within the meaning of the FLSA and NYLL. Additionally, the qualifying annual business of Food Universe, Food Universe 2, 2358 Meat Corp., and 183 Meat Corp. both independently and jointly exceeded and exceeds $500,000.00, and Food Universe, Food Universe 2, 2358 Meat Corp., and 183 Meat Corp. were and are engaged in interstate commerce within the meaning of the FLSA, as they independently and jointly employed

and employ two or more employees and buy and sell produce and other food items in the course of their business, which originate in states other than New York, as well as accept credit card payments from customers for their purchases, the combination of which subjects Defendants to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who at any time during the applicable FLSA limitations period, performed any work for Defendants at any location that was or is owned and/or operated by Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

19. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

20. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

21. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive

practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

22. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, as well as on behalf of all those who are similarly-situated that Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

23. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
   c. Claims or defenses of the representative are typical of the class;
   d. The representative will fairly and adequately protect the class; and
   e. A class action is superior to other methods of adjudication.

24. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for any of the Defendants at any location that was or is owned and/or operated by Defendants, or any of their successors-in-interest, in New York ("Rule 23 Plaintiffs").

### Numerosity

25. During the previous six years, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

26. There are common questions of law and fact that govern the claims of each and

every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (5) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (6) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (7) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (8) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (9) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

27.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours per week, yet Defendants routinely failed and fail to pay them at the rate of time and one-half their respective regular rates of pay, while also failing to provide them with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates for all hours worked per week in excess

of forty, and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

28. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime pay for all of his hours worked over forty each week or furnish him with accurate wage statements on each payday, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

29. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

30. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

31. Any lawsuit brought by any non-managerial employees who worked for

Defendants in any of the supermarkets owned and/or operated by Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

32. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

33. Roberto Espinal owns and operates multiple nominally distinct corporations including Food Universe and Food Universe 2, which operate as one single integrated business that runs multiple supermarkets located in the City of New York. Defendant Espinal commonly directed his employees, including Plaintiff, to work at different supermarkets owned by Defendant Espinal.

34. The Espinal Defendants employed Plaintiff as a non-managerial stocker from on or about February 2, 2020 until July 15, 2020, during which period he worked at two of Defendants' supermarkets, one located at 60 West 183rd Street, Bronx, New York 10453 and the other located at 2358 University Avenue, Bronx, New York 10468.

35. As a stocker, Plaintiff was responsible for manual tasks, such as washing, cutting, handling, and stocking produce in the supermarket.

36. During his employment, Plaintiff routinely worked six (6) days per week, commencing his work each day at approximately 7:00 a.m. and working until approximately 3:00 p.m. each day without any uninterrupted meal break. Although the Espinal Defendants did not permit Plaintiff to take an uninterrupted meal break on each day, the Espinal Defendants nonetheless automatically deducted one hour each day from Plaintiff's hours worked. Thus, Plaintiff routinely worked for the Espinal Defendants approximately forty-eight (48) hours per

workweek.

37. For his work, the Espinal Defendants paid Plaintiff a weekly salary of $1,000.00, with $300.00 paid by check and $700.00 paid by cash. The Espinal Defendants, therefore, paid Plaintiff at a regular rate of $20.83 per hour but failed to pay Plaintiff the statutorily required overtime rate of $31.25 for the hours that Plaintiff worked over forty each week.

38. By way of example only, for five days during the week of July 10 to July 16, 2020, Plaintiff worked each day except for Wednesday, from 7:00 a.m. to 3:00 p.m., without any uninterrupted meal break, totaling forty-eight (48) hours worked that week. For his work during this specific workweek, the Espinal Defendants paid Plaintiff for $1,000.00 per week, with $300.00 paid by check and $700,00 paid by cash, but failed to pay Plaintiff at the statutorily required overtime rate of $31.25 for the eight (8) hours that Plaintiff worked in excess of forty that week. The foregoing example is representative of Plaintiff's hours and compensation throughout his employment with the Espinal Defendants.

39. The Espinal Defendants paid Plaintiff on a weekly basis by both check and cash.

40. On each occasion when the Espinal Defendants paid Plaintiff, the Espinal Defendants failed to provide Plaintiff with a wage statement that accurately listed Plaintiff's actual hours worked for that week.

41. Upon Plaintiff's hire, the Espinal Defendants failed to furnish Plaintiff with any wage notice whatsoever, let alone one that accurately listed his regular and overtime rate of pay or whether he was to be paid by the hour, shift, day, week, salary or on some other basis.

42. The Espinal Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

43. The Espinal Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

44. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Espinal Defendants' benefit.

45. On November 23, 2020, and November 24, 2020, following the filing of this action, Defendant Fernandez incorporated 2358 Meat Corp. and 183 Meat Corp., respectively, with the principal place of business for 183 Meat Corp. at the exact same address as Food Universe and the principal place of business for 2358 Meat Corp. at the exact same address as Food Universe 2.

46. In or around January 2021, the Espinal Defendants, in an attempt to defraud their creditors including the liability of Plaintiff, the plaintiff that opted into this action, and the putative FLSA and Rule 23 Plaintiffs, sold their supermarkets to the Fernandez Defendants.

47. The Fernandez Defendants knew or reasonably should have known of the instant lawsuit prior to acquiring Defendant Espinal's assets.

48. The Fernandez Defendants acquired these assets of the Espinal Defendants and continued to run the supermarkets at the exact same locations under the same "Food Universe" name and brand name without interruption or substantial change to the Espinal Defendants' business operations of operating supermarkets.

49. The Fernandez Defendants use the same workforce that performs the exact same job duties and functions that the workforce previously performed under the Espinal Defendants, including the same or substantially same non-managerial employees and supervisors. The workforce is subject to the substantially same working conditions under the Fernandez Defendants as they were subjected to under the Espinal Defendants. The Fernandez Defendants also use the same machinery, equipment, and produce the exact same product under a substantially similar

method of production as the Espinal Defendants to run the supermarkets.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

50. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

52. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

53. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

54. Defendants willfully violated the FLSA.

55. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

56. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

59. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

60. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

65. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with accurate wage statements containing the criteria required under the NYLL.

66. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

67. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper a Wage Notice in Violation of the NYLL*

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 195(1) requires that employers furnish employees with a notice upon hire, containing accurate, specifically enumerated criteria.

70. As described above, Defendants, upon hire, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, with an accurate wage notice containing the criteria required under the NYLL.

71. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

72. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, in the amount of

$50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

73. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiff;

  i. Designation of Plaintiff and Plaintiff's counsel as collective and class action representatives under the FLSA and the FRCP;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    February 23, 2021

                      Respectfully submitted,

                      Stevenson Marino LLP
                      *Attorneys for Plaintiff*
                      75 Maiden Lane, Suite 402
                      New York, New York 10038
                      (212) 939-7229

           By: _____
              Jeffrey R. Maguire (JM 1982)