

**Jeffrey R. Maguire**, Esq., Partner   o: (212) 939-7229   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmaguire@stevensonmarino.com

December 3, 2021

<u>Via ECF</u>
The Honorable Katherine Polk Failla
United States District Judge for the
Southern District of New York
40 Foley Street
New York, New York 10007



     Re:    *Hurtado v. 183 Food Market Corp., et al.*
             <u>Docket No: 20-cv-7988 (KPF)(KHP)</u>

Dear Judge Failla:

     We serve as Class Counsel for Named Plaintiff Felipe Hurtado, the Opt-in Plaintiff Leonardo Pena, and the recently certified class (collectively as "Plaintiffs") in the above-referenced action alleging wage and hour claims against 183 Food Market Corp., 2358 Food Corp., Roberto Espinal (the "Espinal Defendants"), 183 Meat Corp., 2358 Meat Corp., and Sergio Fernandez (the "Fernandez Defendants" and collectively as the "Defendants") under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). We write now to respectfully request an Order from the Court: (1) compelling Defendants to provide their internal payroll data containing the contact information of all the class members so that Plaintiffs may send notice as directed in the Court's Order dated October 26, 2021; and (2) amending the Court's Order to permit the mailing of the notice within 7 days of Defendants providing the complete class contact information. *See* Dkt. No. 77. In the alternative, Plaintiffs respectfully request that the Court hold a conference on the issue of Defendants' failure to comply with the Court's Order as Plaintiffs have exhausted every attempt to cooperate with Defendants to obtain the necessary information to comply with the Court's Order.

     On October 26, 2021, the Court granted Plaintiff's unopposed motion for preliminary approval of a Federal Rule of Civil Procedure ("Rule") 23 class action settlement. In its Order, the Court, *inter alia*, directed the Espinal Defendants, by no later than November 9, 2021, to provide a class list with "all New York Class Members, identified by: (i) name; (ii) last known address; (iii) social security/tax identification numbers; and (iv) weeks worked during the period from September 25, 2017 to January 20, 2021." *See* Dkt. No. 77, § 8. The Court's Order additionally directed the parties to require the claims administrator to send the Court-approved notice by no later than November 25, 2021. *See* Dkt. No. 77, § 9.

On November 11, 2021, the Espinal Defendants provided the class list to the claims administrator. On that same day, the claims administrator noted that the class list containing the names of 106 class members was "missing the following: 57 addresses, 59 SSNs, 21 hire dates, and 3 termination dates." The Espinal Defendants responded that they were working to obtain the missing data. On November 19, 2021, the Espinal Defendants informed the claims administrator that no additional information was able to be provided. The claims administrator then asked the parties how they wished to proceed, and Plaintiffs directed the claims administrator not to proceed until the parties resolved the issue.

The parties immediately held a meet and confer on the issue, during which Plaintiffs pointed out to the Espinal Defendants and the Fernandez Defendants that the class list contained no contact information for forty-six (46) of the fifty-seven (57) class members that were indicated as still working on January 20, 2021. This is the date of the sale of the supermarket between the parties that transpired during the pendency of this action. In fact, only four (4) of the fifty-seven (57) missing addresses/SSNs belonged to class members that worked prior to the filing of the Complaint initiating this action. Therefore, based on the Espinal Defendants' records regarding the class members' workweeks, it made little sense that the Espinal and Fernandez Defendants were not in possession of their employees' records, employees who worked for both groups of Defendants at some point in time. As a result of the meet and confer, both the Espinal Defendants and the Fernandez Defendants agreed to consult their records and provide additional information to the extent it was available.

On November 22, 2021, the Fernandez Defendants provided an updated list that provided additional information for twenty-seven (27) of the fifty-seven (57) missing individuals, leaving thirty (30) individuals without any contact information. Still, twenty-three (23) of the thirty (30) individuals that Defendants claim they do not have any personal identification information worked for the supermarket at the date of the sale, January 20, 2021.

During a subsequent meet and confer, Plaintiffs raised concern over the issue that Defendants' payroll records for the named Plaintiff and the opt-in Plaintiff, clearly possessed personal identification information and payroll tax withholdings. Therefore, not only were the substantial majority of the class members working for Defendants at the time of the sale, but they additionally possessed their information in order to complete their payroll. Plaintiffs insisted on answers as to Defendants' payroll records, but Defendants refused to provide this information. Instead, both Defendants responded that they would do their best to locate the necessary information.

On December 3, 2021, the Espinal Defendants provided a third updated list, providing addresses for fifteen (15) additional people. As a result, there are still fifteen (15) individuals that have no information. Of these fifteen (15) people, nine (9) individuals remained employed at the supermarket as of the sale date on January 21, 2021. On, December 3, 2021, both Plaintiffs and the Espinal Defendants made attempts to procure the missing information from the Fernandez Defendants. During a meet and confer with Plaintiffs, the Fernandez Defendants stated that they would attempt to locate more information but provided nothing further.

At this point, Plaintiffs have absolutely no confidence that Defendants are taking all necessary steps to comply with the Court's Order directing them to provide the necessary contact information to properly notify the class members about the settlement. This is underlined by Defendants' insistence that more information *may* be available but simultaneously refusing to provide such information despite originally representing through agreement that such information would be provided. Indeed, the fact that there were first sixty (60) missing individuals, then thirty (30), now fifteen (15), shows that Defendants have failed to obtain and provide the information that the Court ordered them to provide in multiple instances. Plaintiffs should not be tasked with shaking the tree repeatedly to see if new information falls out.

Moreover, Defendants refuse to answer the questions on why they do not possess the outstanding information, such as: (1) what exactly happened to the information of the employees that worked at the supermarket during the pendency of this action; and (2) whether these employees still employed at the supermarket. The main problem is that the Espinal Defendants are claiming this information is no longer their information as of the date of the January 20 sale, and the Fernandez Defendants are refusing to provide any information whatsoever as to whether they possess the information, nor are they providing a basis for their refusal to provide such information, despite the Court's Order directing Defendants to do so.

Based on the foregoing, Plaintiffs respectfully request that the Court: (1) enter an Order directing the Espinal Defendants and Fernandez Defendants to provide all payroll information in their possession relating to the class members; and (2) amend its October 26, 2021 Order to permit the mailing of the notice within 7 days of Defendants providing the complete class contact information. Alternatively, Plaintiffs' request that Court order a conference on the issue of Defendants' failure to comply with the Court's Order. Additionally, Plaintiffs request that the Court extend all deadlines in the current preliminary approval order. Following the Court's determination on the present motion, Plaintiffs propose that a revised proposed order be submitted by the parties.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____
Jeffrey R. Maguire, Esq.
*For the firm*

To:   Counsel for Defendants (via ECF)

The parties are hereby ORDERED to appear for a telephone conference regarding this matter on Friday, December 10, 2021, at 3:00 p.m.  The dial-in information is as follows: At 3:00 p.m. the parties shall call (888) 363-4749 and enter access code 5123533.  Please note, the conference will not be available prior to 3:00 p.m.

Dated:     December 6, 2021        SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE