

**Jeffrey R. Maguire**, Esq., Partner   o: (212) 939-7229   f: (212) 531-6129
a: 75 Maiden Lane, Suite 402, New York, NY 10038   e: jmaguire@stevensonmarino.com

January 14, 2022

<u>Via ECF</u>
The Honorable Katherine Polk Failla
United States District Judge for the
Southern District of New York
40 Foley Street
New York, New York 10007

    Re:    *Hurtado v. 183 Food Market Corp., et al.*
             <u>Docket No: 20-cv-7988 (KPF)(KHP)</u>

<u>**Supplemental Letter in Support of Preliminary Approval of the Class Action Settlement**</u>

Dear Judge Failla:

    We serve as Class Counsel for Named Plaintiff Felipe Hurtado, the Opt-in Plaintiff Leonardo Pena, and the recently certified class (collectively as "Plaintiffs") in the above-referenced action alleging wage and hour claims against 183 Food Market Corp., 2358 Food Corp., Roberto Espinal (the "Espinal Defendants"), 183 Meat Corp., 2358 Meat Corp., and Sergio Fernandez (the "Fernandez Defendants" and collectively as the "Defendants") under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). We write now to submit this Supplemental Letter in Support of Preliminary Approval of the Class Action Settlement ("Supplemental") to respectfully request that the Court approve: (1) the Amended Settlement Agreement and Release ("Agreement") attached as Exhibit 1; (2) the Amended Notice of Pendency attached as Exhibit 2 ("Notice"); (3) the Claim Form and Release attached as Exhibit 3 ("Claim Form"); and (4) the Amended Order Granting Plaintiff's Motion for Preliminary Approval of the Class Action Settlement ("Proposed Order") attached as Exhibit 4.[1]

    On October 26, 2021, the Court granted Plaintiffs' unopposed motion for preliminary approval of a Federal Rule of Civil Procedure ("Rule") 23 class action settlement. Based on the lack of complete class member information contained in the class list provided by the Espinal Defendants, Plaintiffs moved to compel production of the information on December 3, 2021. On

---

[1] Also attached to this letter are copies of the original documents with tracked changes in redline to aid the Court in displaying the minor changes made to the original documents, which the Court approved on October 26, 2021. Exhibit 5 is a copy of the Settlement Agreement, Exhibit 6 is a copy of the Notice of Pendency, and Exhibit 7 is a copy of the Proposed Order.

December 10, 2021, the Court held a conference on Plaintiffs' motion, during which the Espinal Defendants apprised the Court that thirty-two additional class members have been located after an extensive search of their records. On December 13, 2021, based on Plaintiffs' representation to the Court that the existing settlement was not fair and reasonable in light of the expanded Class, the Court referred the matter to Magistrate Judge Parker for a settlement conference. Subsequently, after all parties were able to evaluate the damages in light of the new Class information, the parties once again reached a settlement to resolve the matter. Plaintiffs, on consent of Defendants, now submit this Supplemental Letter seeking approval of the Rule 23 class action settlement according to the terms of the Agreement.

As thoroughly addressed in Plaintiffs' Memorandum of Law in Support of Preliminary Approval of the Class Action Settlement ("Preliminary Approval Motion") (*see* Dkt. No. 74), in determining whether a settlement is fair, reasonable, and adequate, courts in this Circuit typically look to the nine "*Grinnell* factors," which are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement;[2] (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class through trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). Because the evaluation of all other factors remains unchanged, the only factor that needs to be considered by the Court here is "the range of reasonableness of the settlement fund in light of the best possible recovery."

Based on the new class member information provided by the Espinal Defendants, there are an additional thirty-two (32) class members, with a total of 1,071.29 additional workweeks. Therefore, this settlement is now based on 6,554.86 workweeks. As provided in the Preliminary Approval Motion, based on Plaintiffs' allegations and the records provided, the maximum settlement amount of $750,000 was considering Plaintiffs' best possible day based on eight (8) overtime hours for each week worked, an overtime rate of $10.41 per hour, and the initial total workweeks of 5,483.57. Thus, the additional information of 1,071.29 additional workweeks represented a 19.5% increase of the total workweeks. Accordingly, while Plaintiffs initially calculated their best-day actual overtime damages to be $456,964.29, and with liquidated damages to be $913,928.57, Plaintiffs now calculate their best-day actual damages to be $546,238.45, and with liquidated damages to be $1,092,476.90.

After evaluating the damages based on these new numbers, and keeping in mind the Defendants' ability to pay, the parties agreed to increase the maximum settlement amount from $750,0000 to $825,000. This represents a 10% increase in the settlement. From the maximum settlement amount, Plaintiffs' attorneys will seek approval from the Court for their fees up to $270,402, and their costs in the amount of $4,598.00. The Plaintiffs will also seek approval of the

---

[2] This factor is not presently at issue, and will be fully addressed in the motion for final approval following the claim submission period, at which point the reaction of the class to the settlement will be determined.

service awards totaling $15,000.00 and claims administration fees totaling $13,500.00. The net settlement amount will accordingly total $521,500.[3] Considering the *best-day* calculation of actual overtime damages is $546,238.45, the net settlement is 95.5% of their best-case scenario of actual unpaid overtime damages. This inarguably represents a favorable outcome for Class Members at this pre-discovery stage of litigation. As all factors were previously considered by the Court and remain static, Plaintiffs believe that the Agreement is fair and reasonable.

As previously stated, the Agreement, the Notice of Pendency, and the Proposed Order have been slightly revised to reflect these new numbers. A copy of each document, along with the original document with redlined revisions, have been submitted contemporaneously with this Supplemental Letter. Based on the foregoing, Plaintiffs respectfully request that the Court approve: (1) the Agreement attached as Exhibit 1; (2) the Notice attached as Exhibit 2; (3) the Claim Form attached as Exhibit 3; and (4) the Proposed Order attached as Exhibit 4.

We thank the Court for its time and attention to this matter.

                                                         Respectfully submitted,

                                                         Jeffrey R. Maguire, Esq.
                                                            *For the firm*

To:    Counsel for Defendants (via ECF)

---

[3] As the Agreement reflects, employer-side payroll taxes for individual payments made to the class members will also be deducted in the amount not to exceed $12,500.00.